REDMANN, Judge.
Plaintiffs seek relief from a municipal zoning ordinance which restricts their ten lots of ground to single-family residential usage.
The property has frontage on two four-lane streets and one two-lane street. Across one four-lane street there is a gasoline station (a C-2 commercial usage on property rezoned single-family discussed in Jemison v. City of Kenner, La.App. 4 Cir. 1973, 277 So.2d 728, writ refused La., 281 So.2d 753), a tavern (also C-2) and other (C-l) commercial usages. Across the other four-lane street are the four lots which Jemison ordered made C-2 commercial (and which at trial time four years later remained vacant). Across the two-lane street are six four-family residences, also on property apparently zoned single-family.
Plaintiff’s expert presented evidence similar to that in Jemison, supporting rezoning of the six lots at the principal corner to C-2, two others to multi-family and two others to two-family to provide buffer zones for the four-family units and a single-family residence.
The City’s expert testified that single-family zoning was unacceptable, but he would rezone only four instead of six lots into commercial (and make those C-l instead of C-2), and would rezone the other two of those six lots and two others to four-family and two other lots to two-family-
The City’s Board of Aldermen was asked but declined to amend the original zoning ordinance.
Plaintiffs sought a mandatory injunction to rezone in accordance with their expert’s view set forth above. The trial judge noted the city’s expert’s opinion as a reasonable one under all the circumstances, and reasoned that the only question before the Board of Aldermen was to grant or to refuse the rezoning specifically requested by plaintiff. This reasoning overlooks the basic issue that the Board’s original zoning ordinance is itself under attack. Presumably the trial court was following Paternostro v. Parish of Jefferson, La.App. 4 Cir. 1974, 289 So.2d 327, writ refused La., 293 So.2d 183. In Paternostro, however, the defendant’s expert’s testimony supported a conclusion that the property should be two-family residential, and that was his recommendation. The Parish’s failure there to amend its ordinance from single- to two-family residential, a one-step difference, is hardly in the same category as the Board of Aldermen’s failure to amend from single-family to neighborhood (C-l) commercial, a six-step difference in zoning under the ordinance. Thus in Paternostro, the court could accept as reasonable the defense expert opinion that the impropriety in the zoning was only a one-step difference, and the court might also conclude that the legislative authority would not be acting capriciously by originally zoning or retaining a zoning just one step more restrictive than its own expert employee recommended.
A court cannot take that view here, where the legislative authority has originally zoned and now retains a zoning six steps more restrictive than even its own expert employee recommends. Our case would have been comparable to Paternostro had the Board of Aldermen rezoned the land to one step more restrictive than its expert employee’s recommendation, e. g., by making the principal corner (four lots) GO general office. Certainly a rezoning as recommended by its expert would have appeared unassailable under Paternostro. But because the Board refused all relief, leaving the property indisputably so zoned as to prevent not only its proper and best use but also any use remotely near its proper use, we conclude, as we did in Jemison for the property across the street from this property, that we must strike the original ordinance’s zoning of plaintiffs’ property as single-family residential.
If Paternostro suggests that courts recognize a legislative discretion to make fine *912 distinctions in zoning, Jemison shows that this court will not itself attempt to exercise that discretion in electing one of two zoning classifications which are so similar that either would be reasonable. That was the Board of Aldermen’s authority. We have neither inclination nor authority to become a zoning agency. As in Jemison, upon finding that the legislatively-selected zoning cannot be upheld, we will enjoin the governmental unit from enforcing the original restrictions it has imposed and has refused to change. However, because plaintiffs only ask for land usages consistent with defined zoning categories, we will only enjoin enforcement of the ordinance insofar as it would impose more restrictive limits than those imposed by those categories.
The judgment is reversed, and defendant is permanently enjoined from enforcing the limitation of single-family zoning against lots 20 through 29 of Square 43, bounded by West Metairie, Roosevelt, Taylor and 17th Streets, although defendant may enforce its C-2 restrictions against Lots 22 through 27, its R-3 restrictions against lots 20 and 21, and its RR-2 restrictions against lots 28 and 29. The City is to pay all costs for which it may by law be cast.